10203

BEAUFORT COUNTY LUMBER CO. v. CARABO *ET AL.*

(99 S. E. 805.)

1. LOGS AND LOGGING—TIMBER DEED RESERVATION—RIGHT TO CLEAR LAND—"ORDINARY PLANTATION PURPOSES."—Reservation in timber deed, giving grantor right to use timber "for ordinary plantation purposes connected with said lands," does not entitle grantor to clear any part of the land, or use timber for extravagant and wasteful purposes, but permits use of timber necessary to construct and repair necessary outbuildings and comfortable tenant houses.

2. LOGS AND LOGGING—TIMBER DEED RESERVATION—RIGHTS OF GRANTOR. —Where deed conveying timber not under 12 inches contained reservation giving grantor right to use timber for ordinary plantation purposes, grantor in constructing or repairing outhouses and tenant houses was not required to use timber under 12 inches.

Before GARY, J., Dillon, Spring term, 1918. Modified.

Action by the Beaufort County Lumber Company against James H. Carabo and another. From an order of injunction, defendants appeal.

*Mr. Joe P. Lane,* for appellant, submits: *That the building of a tenant house is an ordinary plantation purpose:* 93 S. C. 82; 96 S. C. 140.

*Messrs. Gibson & Muller,* for respondent.

June 23, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of injunction made by his Honor, Judge Gary, after hearing the cause on its merits. The action was for injunction and damages, alleging that the appellants were trespassing on the rights of respondents by cutting and manufacturing lumber from timber owned by the respondents.

The testimony was taken by the master and reported to the Court.

Mrs. Eva Carabo, the wife of appellant, James H. Carabo, owns the tract of land on which the timber is. James H. Carabo is the manager and agent of his wife in looking after her land. There are 174 acres in the tract; about 98 acres are cleared and under cultivation. The respondent owns the timber on the woodland under a timber contract. The timber deed, under which respondents hold, contains the following reservation:

"And the said first party, Mary McSwain (the predecessor in title of Eva Carabo), further reserves the right to use any timber from the aforesaid tract or tracts of land for ordinary plantation purposes connected with said lands."

This reservation does not carry with it the right to clear any part of the land.

Before Carabo commenced to cut the timber and repair or build, there were on the place three small tenant houses and one set of stables and one tobacco barn. The evidence shows they were dilapidated by the ordinary wear and tear and use and want of proper repair. In 1917, Carabo, as agent of his wife, built a tenant house, barn, and stables on the place, and repaired some of the old buildings on the place, and was cutting timber on the land for the purpose of finishing the repairing of some of the tenant houses and

building a tobacco barn on the land, when this action was commenced. The appellants challenge the correctness of his Honor's decree, and by three exceptions allege error in his finding and holding. His Honor held, in substance, and for all practical purposes, that the appellants did not cut, manufacture, or use any more timber than was necessary in putting the place in repair for ordinary plantation purposes, as he gave the respondents no damages. The law governing such cases has been decided by this Court in the cases of *Midland Timber Co. v. Pegues,* 93 S. C. 82, 76 S. E. 32; *Lumber Co. v. Hodges,* 96 S. C. 140, 79 S. E. 1096.

Each case of this kind must be governed by the particular facts and circumstances of each case, applying the general principles as decided by this Court. What is a reasonable use of timber for plantation purposes must be determined by the facts and circumstances surrounding each case. The reservation does not carry the right to abuse this privilege by using and wasting more timber than is necessary for ordinary plantation purposes, under all of the surrounding circumstances of the case.

There certainly could not have been any intention between the parties, when the "timber deed" was made, that the development and improvement of the land was to be arrested and retarded from the execution of the deed in 1908 until 1925, when the limitation expired, and that the owner of the land could only repair the buildings then on the land; but it meant that the buildings thereon could be repaired and necessary tenant houses and outbuildings, such as stables, barns, cotton houses, etc., could be built for persons who worked the land to live in and take care of their stock and such crops as were grown on the place. If good tenants are to be secured, good comfortable houses are to be built. Tenants and farm hands do not care to live in "shacks." Neither do they like to be crowded and required to live with other families in the

same house and use the same yard and same stables. The owner of this land had the right, in order to get good tenants, or farm hands, to work the land, to build comfortable houses and necessary outbuildings, and use the timber reserved for this purpose.

Of course, he could not build expensive, unnecessary buildings, and abuse his privilege, and use the timber for extravagant, wasteful, or unnecessary purposes; but he could build such houses as were necessary and in accord with the average custom of the community.

His Honor seems to have thought that he had used as much as he was entitled to, but not any unnecessary use up to this time. Respondents concede that all timber under 12 inches belong to appellants and did not pass to respondents under timber deed, and that in building tobacco barns, appellants should utilize this reserved timber. The appellants cannot be thus limited. They cannot abuse this privilege, but neither can they in the future be restrained from further use of the timber. But they can, if circumstances arise, use such timber as may be necessary for the purpose of repairing or building such houses as are ordinarily necessary for proper plantation purposes, and to this extent the restraining order of his Honor is modified.